IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOYCE MYRICK
on behalf of herself and all others
similarly situated,

   Plaintiff,

    v.

FULTON COUNTY, GEORGIA,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2117-TWT

ORDER

This is a Fair Labor Standards Act case. It is before the Court on the Plaintiff's Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective-Action Class [Doc. 24], which is GRANTED.

I. Introduction

Joyce Myrick is a former Fulton County law enforcement officer. She is suing Fulton County under the Fair Labor Standards Act. She says that the County violated the Act by not paying her and approximately one hundred other officers proper overtime compensation. She now seeks to conditionally certify the case as a collective action pursuant to 29 U.S.C. § 216(b).

## II. Collective-Action Certification Standard

The Fair Labor Standards Act authorizes employees to bring a collective action against employers to recover unpaid overtime. A collective action is particularly appropriate when it permits the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). The Court of Appeals for the Eleventh Circuit has endorsed a two-step approach for certifying a collective action. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217-18 (11th Cir. 2001). At the first stage, which is also called the "notice stage," the district court determines whether there are other similarly situated individuals who wish to opt-in. Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991). If there are, the court conditionally certifies the class. Because the court typically relies on the pleadings and affidavits at this stage, the standard for conditional certification is "fairly lenient." Hipp, 252 F.3d at 1218. The second stage typically involves a motion for decertification "after discovery is largely complete and the matter is ready for trial." Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007). The court applies a more stringent standard at this stage.

### III.  Discussion

#### A.  Timeliness

Fulton County says that Myrick's motion for conditional certification is untimely and asks the Court to skip the first step of the two-part certification analysis. Myrick filed this action on August 9, 2009. The Court set a discovery deadline of May 6, 2010, and later extended the deadline to June 5, 2010. Myrick filed this motion on April 28, 2010, approximately five-and-a-half weeks before discovery closed. The County says that Myrick should have moved for conditional certification earlier. This may be so; however, there is no rule or case requiring that a motion for conditional certification be filed by a certain time. Nor has the Plaintiff conducted enough discovery on putative class members to justify skipping the first step of the certification analysis. Therefore, the Court will consider Myrick's motion for collective-action certification under the more lenient notice-stage standard.

#### B.  Conditional Certification

Conditional certification is appropriate if there are (1) similarly situated individuals (2) who wish to opt-in. Here, both requirements are satisfied. First, all of the putative class members are current or former law enforcement personnel who, according to the complaint and affidavits, performed essentially the same job duties as Myrick and were subject to the same overtime compensation policy. The County,

citing Williams v. Accredited Homes Lenders, Inc., No. 05-cv-1681, 2006 WL 2085312 (N.D. Ga. July 25, 2006), says that this is not enough to support certification. However, Williams is easily distinguishable from this case. First, the court there applied the second-stage standard instead of the more lenient notice-stage standard. Second, the putative class in Williams included over 1,000 employees who worked at over 70 different offices in 23 states and reported to hundreds of different supervisors. Finally, the complaint in Williams did not allege that the putative class members were uniformly denied overtime compensation because of a common policy. Under the circumstances of this case, Myrick's allegations are sufficient to show that the Fulton County police officers, detectives, and field officers are "similarly situated" for purposes of conditionally certifying the collective action.

Second, there is evidence that the putative class members wish to join the collective action. So far, four other officers have filed consent forms to opt-in. This is sufficient to justify conditional certification. See Guerra v. Big Johnson Concrete Plumbing, Inc., No. 05-14237, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (certifying collective action class when only one other individual had opted-in); White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1316-17 (M.D. Ala. 2002) (conditionally certifying collective action class when three other individuals had opted-in); Pendlebury v. Starbucks Coffee Co., No. 04-cv-80521, 2005 WL 84500, at *3 (S.D.

Fla. Jan. 3, 2005) (conditionally certifying collective action class when four other individuals had opted-in).  Therefore, Myrick's Motion for Conditional Collective-Action Certification is granted, and Fulton County is ordered to produce the names and addresses of all putative class members and the last four digits of their social security numbers, as requested by the Plaintiff.

## IV.  Conclusion

For the reasons stated above, the Plaintiff's Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective-Action Class [Doc. 24] is GRANTED.

SO ORDERED, this 16 day of August, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge